

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2004

# Nelson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Nelson v. Comm Social Security" (2004). *2004 Decisions.* Paper 580.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/580

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4740

JOSEPH NELSON,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable Dennis M. Cavanaugh
(D.C. No.: C.A. No. 02-1642)

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 16, 2004

Before: ALITO and SMITH, *Circuit Judges*,
and DUBOIS, *District Judge**

(Filed: June 28, 2004 )

_____

OPINION
_____

*The Honorable Jan E. Dubois, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge*.

Joseph Nelson contends that the District Court erred by affirming the decision of the Commissioner of Social Security which denied his claim for benefits under Title II and Title XVI of the Social Security Act.[1] *See* 42 U.S.C. §§ 423, 1383. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The regulations promulgated by the Social Security Administration establish a five-step sequential analysis for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Nelson claims he is disabled due to limitations resulting from a cervical laminectomy and spinal fusion. He contends that the Administrative Law Judge ("ALJ") erred at step three of the analysis by finding that he did not have any of the impairments that are listed in Appendix 1 to the regulations which would have automatically entitled him to benefits. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c); 20 C.F.R. Part 404, Subpt. P, Appendix 1 (hereinafter cited as "Appendix 1"). In addition, Nelson asserts that the ALJ erred at step five in determining that he was able to perform

---

[1] The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291.

the full range of sedentary work, and therefore was not disabled.

A Social Security claimant is deemed disabled and eligible for benefits if he establishes at step three of the sequential analysis that his severe impairment satisfies the criteria for an impairment listed in Appendix 1. 20 C.F.R. §§ 404.1520(c), 416.920(c). Nelson argues that the ALJ erred at this step because his conclusory statement that Nelson's impairment did not meet or equal a listing failed to provide the reasoned explanation required by our decision in *Burnett v. Comm'r*, 220 F.3d 112, 119-20 (3d Cir. 2000). There, we instructed that the reasoned explanation is necessary for meaningful judicial review. *Id.* at 119.

We have no difficulty conducting a meaningful review in this matter and find it telling that Nelson failed to identify any listing he allegedly satisfied. It is readily apparent from a review of the ALJ's decision that the ALJ determined that Nelson had a severe impairment at step two of the analysis because of the limitations resulting from his back surgery and that those limitations were the basis of Nelson's claim of disability. The only listing applicable to a back impairment was § 1.05, relating to Disorders of the Spine. Appendix 1, § 1.05. The criteria required to satisfy listing § 1.05, however, were not present in this record. The ALJ noted as much in his decision, explaining that the medical evidence, particularly a recent consultative examination by an orthopedic physician, was unremarkable. Indeed, Dr. Mylod, a medical expert who testified for Nelson at the ALJ hearing, conceded that he could not opine as to whether Nelson met or

3

equaled any listing because he did not have a detailed physical examination on which to base his opinion.

With regard to step five in the analysis, Nelson asserts that the ALJ erred by finding that he was able to perform the full range of sedentary work. According to Nelson, the ALJ erred because he failed to fully explain why he found Nelson capable of sedentary work and because he failed to fully credit Nelson's testimony. Neither of these arguments is persuasive.

In determining a claimant's residual functional capacity, "the ALJ must consider all evidence before him. Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett*, 220 F.3d at 121 (citations omitted). Here, the ALJ satisfied this standard. The ALJ reviewed the scant medical evidence of record, acknowledging that Nelson had undergone back surgery on two occasions and that claimant's treating physician had opined that in 1996 Nelson "was able to sit, stand, walk, do limited lifting, limited carrying," and to "handle objects, hear, speak and travel." Additionally, the ALJ noted that the consultative examinations performed in 1998 and 1999 were unremarkable, revealing no significant findings. Because this medical evidence was not only uncontradicted, but also consistent with the residual functional capacity for sedentary work, we find no error by the ALJ.

Nelson, however, contends that he was unable to perform sedentary work and that

4

the ALJ erred because he failed to fully credit his testimony regarding his subjective complaints. We disagree. By limiting Nelson to sedentary work, the ALJ accorded part of Nelson's testimony great weight. The ALJ explained at length the reasons for discounting Nelson's testimony that he was totally disabled and precluded from performing even sedentary work, emphasizing the fact that Nelson's claim that he was severely limited was inconsistent with his decision to forego treatment for his disabling condition for several years.

In sum, we conclude that the Commissioner's decision denying Nelson's claim for benefits is supported by substantial evidence. We will affirm the judgment of the District Court.